IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLARENCE LUNA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendant. | Case No. 16-cv-0461 |

## CLASS ACTION COMPLAINT

Plaintiff, CLARENCE LUNA, individually and on behalf of all others similarly situated, through his attorneys, complains against Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), as follows:

## STATEMENT OF CASE

1. This is a putative class action for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Act"), 815 ILCS 505/1 *et seq*., Fannie Mae, through its agent Codilis & Associates, P.C. ("Codilis"), engages in an unfair practice by misrepresenting to buyers of Fannie Mae's Illinois real property that: (1) Fannie Mae "is no longer considered exempt from all state, county and municipality transfer tax stamps"; (2) "[w]here a municipality honors [Fannie Mae's] federal exempt status, an exempt stamp will be requested"; and (3) "[t]he state and county do not honor [Fannie Mae's] federal exempt status." Additionally, Fannie Mae, again through Codilis, refuses to check the appropriate boxes on the Illinois Real Estate Transfer Declaration ("Transfer Tax Declaration") it submits with each sale to exempt the sale from transfer taxes. Consequently, buyers are forced to pay state, county, and municipal transfer taxes

when no such transfer taxes are required. This conduct constitutes an unfair practice because it unnecessarily imposes additional costs on the buyer and frustrates Fannie Mae's congressionally mandated purpose of making home ownership more affordable.

## PARTIES

2. Plaintiff Clarence Luna is a citizen of Illinois.

3. Defendant Fannie Mae is a federally chartered corporation created by Congress with the mission of making homeownership throughout the United States more affordable for middle to low-income individuals.

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 12 U.S.C. § 1723a(a), which confers federal question jurisdiction over all actions in which Fannie Mae sues or is sued. The Court also has jurisdiction pursuant to 28 U.S.C. § 1332(d)(6) because Fannie Mae and Plaintiff are diverse and the amount in controversy exceeds $5 million, exclusive of cost and interest.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this district.

## FACTUAL BACKGROUND

6. Congress chartered Fannie Mae in 1938 with the purpose of making home ownership more affordable for moderate- to low-income individuals.

7. To further that mission, Congress expressly exempted Fannie Mae from all state and local taxation, with a single exception that is inapplicable here (for direct taxation of real property). 12 U.S.C. §1723a(c)(2).

8. Likewise, the state of Illinois has exempted any transfer of real property to or from a government body, like Fannie Mae, from having to pay state or county transfer taxes. 35 ILCS 200/31-45; 55 ILCS 5/5-1031(b).

9. On February 12, 2015, Luna made an offer to purchase a home owned by Fannie Mae located at 14N468 Bonnie Lane, Elgin, Illinois.

10. On February 17, 2015, Fannie Mae accepted Luna's offer.

11. The purchase price of the home was $175,000.00.

12. Luna closed on the home on March 24, 2015.

13. On February 23, 2015, Fannie Mae, through Codilis, sent a form letter, **Exhibit A**, to Luna via his attorney, Thomas Gosselin, which stated in relevant part that:

> The seller [Fannie Mae] is no longer considered exempt from all state, county and municipality transfer tax stamps. The Buyer is responsible for the payment of the stamps at closing. Where a municipality honors the seller's federal exempt status, an exempt stamp will be requested. The state and county do not honor the seller's federal exempt status.

14. The statement that Fannie Mae "is no longer considered exempt from all state, county and municipality transfer tax stamps" is false.

15. The statement that, "[t]he state and county do not honor [Fannie Mae's] federal exempt status" is false.

16. Upon information and belief, the statement that, "[w]here a municipality honors [Fannie Mae's] federal exempt status, an exempt stamp will be requested" is false.

17. Prior to the sale, Fannie Mae, through Codilis, prepared and filed a Transfer Tax Declaration. **Exhibit B**. A Transfer Tax Declaration is required for all sales of real property in Illinois except for certain statutorily exempt sales. *See* 35 ILCS 200/31-25 (requiring declaration); 35 ILCS 200/31-45 (listing sales exempt from declaration requirement).

18. In that Transfer Tax Declaration, Fannie Mae, through Codilis, refused to check the appropriate boxes on the form to indicate that the sale was exempt from transfer taxes because Fannie Mae was a government body. Fannie Mae would not permit the buyer to check the appropriate boxes to exempt the sale from transfer taxes or sign a Transfer Tax Declaration that exempted the sale from transfer taxes.

19. As a result of Fannie Mae's statements in the February 23, 2015 letter and its refusal to mark that the sale was exempt from transfer taxes on the Transfer Tax Declaration, Luna was forced to pay $262.50 in state and county transfer taxes.

20. Luna paid $175.00 ($.50 per $500 of the sale price) in state transfer tax.

21. Luna paid $87.50 ($.25 per $500 of the sale price) in county transfer tax.

## CLASS ALLEGATIONS

22. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3), Luna files this case individually and on behalf of the following class of individuals: "All individuals who purchased real property located in Illinois—except in the City of Chicago—from Fannie Mae: (1) in which Codilis & Associates, P.C. represented Fannie Mae; (2) at any time since April 1, 2013; and (3) paid state, county, or municipal transfer taxes."

23. This action satisfies the numerosity requirement of Rule 23(a)(1) in that the members of the putative class are so numerous and geographically dispersed that joinder of all individual is impracticable. Fannie Mae, through Codilis, has made the same material misrepresentations to and engaged in the same unfair practice with hundreds (if not thousands) of individuals in the past three years.

24. Fannie Mae, through Codilis, uniformly makes the same false representations to buyers and refuses to mark that the sale is exempt on the Transfer Tax Declaration. Thus, this

4

action satisfies the commonality and predominance requirements of Rule 23(a)(2) and (b)(3) in that it involves a number of common questions of law and fact which predominate over individual questions including:

    a.    Whether Fannie Mae made the statement that it "is no longer considered exempt from all state, county and municipality transfer tax stamps" to buyers;

    b.    Whether Fannie Mae's statement that it "is no longer considered exempt from all state, county and municipality transfer tax stamps" is false;

    c.    Whether Fannie Mae made the statement that "[w]here a municipality honors [Fannie Mae's] federal exempt status, an exempt stamp will be requested" to buyers;

    d.    Whether Fannie Mae's statement that "[w]here a municipality honors [Fannie Mae's] federal exempt status, an exempt stamp will be requested" is false;

    e.    Whether Fannie Mae made the statement that "[t]he state and county do not honor [Fannie Mae's] federal exempt status" to buyers;

    f.    Whether Fannie Mae's statement that "[t]he state and county do not honor [Fannie Mae's] federal exempt status" is false;

    g.    Whether Fannie Mae's practice of making false statements to buyers and refusing to fill out the Transfer Tax Declaration properly to exempt a sale from state, county, and municipal transfer taxes constitutes an unfair practice; and

    h.    Whether buyers were damaged by Fannie Mae's conduct.

25. This action satisfies the typicality requirement of Rule 23(a)(3) in that Luna's claims are typical of the other class members' claims as all members of the putative class suffered the same type of injury as a result of Fannie Mae's conduct.

26. This action satisfies the adequacy requirement of Rule 23(a)(4) in that Luna's interests do not conflict with the interests of the other members of the class he seeks to represent. In addition, Luna has retained counsel competent and experienced in complex class action

litigation. Finally, Luna intends to prosecute this action vigorously and the class's interests will be fairly and adequately protected by Luna and his counsel.

27. This action also meets the superiority requirement of Rule 23(b)(3) as a class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages suffered by Luna and the members of the putative class members are relatively small compared to the burden and expense that would be required to individually litigate their claims against Fannie Mae. Even if class members could afford individual litigation, the court system could not. Individualized litigation creates the potential for inconsistent or contradictory outcomes, and increases the delay and expense to all parties and the court system. In contrast, the class action device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

28. Certification of a Rule 23(b)(2) class is appropriate as Fannie Mae has acted on grounds generally applicable to the putative class making injunctive relief appropriate.

**UNFAIR PRACTICE IN VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT**

29. Plaintiff repeats and realleges paragraphs 1-28 herein.

30. At all relevant times, the Act was in full force and effect in the State of Illinois and provides in relevant part as follows:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act", approved August 5, 1965, in the conduct of any trade or commerce are hereby

> declared unlawful whether any person has in fact been misled, deceived or damaged thereby. 815 ILCS 505/2.

31. The Act further provides:

> Any person who suffers actual damages as a result of a violation of this Act committed by any other person may bring an action against such person. The court, in its discretion may award actual economic damages or any other relief which the court deems proper. 815 ILCS 505/10(a).

32. Luna and members of the putative class are consumers within the meaning of the Act. 815 ILCS 505/1(e).

33. Selling real estate, as alleged, constitutes trade or commerce as defined by the Act. 815 ILCS 505/1(f).

34. Congress has enumerated public policy with regard to Fannie Mae: Fannie Mae is to make purchasing a home more affordable. By making false representations, as detailed in Paragraphs 14-16 above, and refusing to fill out the Transfer Tax Declaration properly to exempt a sale from transfer taxes, Fannie Mae violates this public policy and unnecessarily increases the cost of home ownership by requiring buyers to pay transfer taxes even though they are not owed.

35. Fannie Mae's conduct is oppressive and leaves Luna and members of the putative class with little alternative but to pay the transfer taxes as they would not be able to close on their real estate purchases without doing so.

36. By requiring thousands of buyers to pay transfer taxes when no such transfer taxes are owed, Fannie Mae causes substantial injury to consumers, like Luna, individually and in the aggregate.

37. As a result of Fannie Mae's unfair practice, Luna and members of the putative class suffered damages in the amount of the transfer taxes they paid that they were not required to pay.

7

38. Fannie Mae acted willfully and wantonly in making misrepresentations and refusing to exempt the sale from transfer tax liability by properly completing the Transfer Tax Declaration. Fannie Mae's conduct violated clearly articulated public policy and unnecessarily increased the cost of home ownership and is deserving of the imposition of punitive damages.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, requests that this Court enter judgment in his and the putative class's favor and against Fannie Mae as follows:

A. Adjudge and decree that the present case may be properly maintained as a class action;
B. Certify the following class: "All individuals who purchased real property located in Illinois—except in the City of Chicago—from Fannie Mae: (1) in which Codilis & Associates, P.C. represented Fannie Mae; (2) at any time since April 1, 2013; and (3) paid state, county, or municipal transfer taxes.";
C. Appoint Luna as the class representative and his counsel as class counsel;
D. Award actual damages in an amount to be proven at trial;
E. Award punitive damages;
F. Preliminarily and permanently enjoin Fannie Mae from making the material misrepresentations set forth above and require Fannie Mae to properly complete the Transfer Tax Declaration to exempt the sale from transfer tax;
G. Award Luna his reasonable attorneys' fees and costs of suit; and
H. Award such further relief as the Court may deem just and proper.

CLARENCE LUNA

By: /s/ Vincent L. DiTommaso
One of his attorneys

Vincent L. DiTommaso
Peter S. Lubin
Andrew C. Murphy
DiTommaso ♦ Lubin, P.C.
17W 220 22nd Street, Suite 410
Oakbrook Terrace, IL 60181
(630) 333-0000
vdt@ditommasolaw.com

# EXHIBIT A



**LAW OFFICES**

15W030 North Frontage Road
Suite 100
Burr Ridge, Illinois 60527

P: (630) 794-5300  /  FAX: (630) 794-9090

February 23, 2015

Thomas Gosselin
888-733-2610

DELIVERY VIA FAX

Re: Federal National Mortgage Association to Clarence Luna
    14N468 Bonnie Lane, Elgin, IL 60124

File #: 14-14-14294

Dear Thomas Gosselin:

As you may know, our office represents Federal National Mortgage Association (Fannie Mae) in the above referenced transaction. **This letter is sent as a clarification of the Addendum to Contract of Sale that has been signed and attached to the contract. This letter is not a modification letter, just a clarification of the terms already agreed upon by the buyer and seller.** The following is a list of items that the buyer should be aware of:

1. Codilis & Associates is aware of a scam which alters legitimate wiring instructions and replaces them with fraudulent instructions. Our firm asks that you review the below Wiring Fraud Alert:

**Do not forward this information to any consumer (non corporate) email accounts. Generally one should only interact with known secure email accounts such as corporate email addresses (e.g companyname.com). We also recommend that financial information never be forwarded to or from any non-secure email systems. Codilis & Associates, P.C. cannot be responsible for situations arising from forwarded communications. WE STRONGLY RECOMMEND THAT YOU CALL JUST PRIOR TO WIRING FUNDS TO VERIFY THE WIRING INFORMATION IS CORRECT.**

2. Seller's attorney will determine the location of the closing. We would like to set

Chicago area closings at the offices of Codilis & Associates, P.C., 15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527. Title Insurance will be provided through Attorney's Title Guaranty Fund, Inc. through Codilis & Associates, P.C.

3.  Attached you will find the DISCLOSURE STATEMENT CONTROLLED BUSINESS ARRANGEMENT. Please review this disclosure. As you will note, the Buyer's signature is required. We request that you execute and return this to our office via fax to (630) 528-3549 prior to closing. If you have any questions regarding this disclosure, please contact our office.

4.  Should this be a Cash transaction, Seller does not split the escrow closing fee as per addendum paragraph 10 (e). However, our firm offers the Buyers a reduced fee of $300 should the Buyer choose to close at our Burr Ridge office or via facsimile or email. Please contact the assigned Processor listed below to schedule closing.

5.  For all prorations, the day of closing will be charged to the Buyer. Tax prorations are calculated at 100% of the last ascertainable tax bill.

6.  The property is conveyed "AS IS". Seller does not warrant the condition of the property and is not responsible for any repairs or defects. A Bill of Sale will not be presented at closing.

7.  Any home inspection issues will be handled through the listing agent. Please send any requests to the listing agent with a copy to our office.

8.  The seller is no longer considered exempt from all state, county and municipality transfer tax stamps. The Buyer is responsible for the payment of the stamps at closing. Where a municipality honors the seller's federal exempt status, an exempt stamp will be requested. The state and county do not honor the seller's federal exempt status.

9.  This contract is not contingent upon Buyer's sale of other real estate.

10. Vesting on the Special Warranty Deed will match the Buyer's names on the contract. No changes or assignments will be allowed by the Seller.

11. The Seller is not responsible for ordering or payment of the following items, including but not limited to, survey, termite or pest inspection, well and septic inspection and any other closing costs **unless specifically set forth in the Contract and its Addendum.**

12. Please note if the Buyer wishes to have extended coverage on the owners and/or mortgage policy, you must provide a survey, less than 6 months old, at Buyers expense, to the Seller's Attorney, three (3) business days prior to closing. Said survey must be provided by an Illinois Licensed Surveyor. Please check with your lender to ascertain if a survey is required. Should the lender approve, a location

endorsement as to address only can be added to the mortgage policy at the buyer's expense in lieu of a survey.

Again, this letter is sent as a clarification of the items in the Addendum, and should in no way be construed as a modification of the contract. If you should have any questions, please feel free to contact Katie Haas at (630) 528-3550. We appreciate your anticipated cooperation and look forward to working with you.

Very truly yours,

Codilis & Associates, P.C.

*Brian Tracy* / kh
Brian Tracy
Attorney At Law

# **EXHIBIT B**

# PTAX-203
## Illinois Real Estate Transfer Declaration

Please read the instructions before completing this form.
This form can be completed electronically at tax.illinois.gov/retd.

| | |
|---|---|
| County: | |
| Date: | |
| Doc. No.: | 2015K014963 SANDY WEGMAN RECORDER - KANE COUNTY, IL |
| Vol.: | RECORDED: 3/27/2015 10:49 AM REC FEE: 48.00 RHSPS FEE: 9.00 STATE TAX: 175.00 COUNTY TAX: 87.50 PAGES: 2 |
| Page: | |
| Received by: | |

### Step 1: Identify the property and sale information.

1. 14N468 Bonnie Lane
   Street address of property (or 911 address, if available)
   Elgin    IL    60124
   City or village   State   Zip
   Rutland
   Township

2. Write the total number of parcels to be transferred.  1

3. Write the parcel identifying numbers and lot sizes or acreage.*
   Parcel identifying number    Lot size or acreage
   a  02-35-427-006    225x120
   b
   c
   d
   Write additional parcel identifiers and lot sizes or acreage in Step 3.

4. Date of deed/trust document:  02 / 2015
                                 Month   Year

5. Type of deed/trust document*(mark with an "X"):
   ___ warranty deed  ___ Quit claim deed  ___ Executor deed  ___ Trustee deed
   ___ Beneficial interest  x Other (specify): Special Warranty Deed

6. X Yes ___ No  Will the property be the buyer's principal residence?*
7. X Yes ___ No  Was the property advertised for sale?
   (i.e., media, sign, newspaper, realtor)

8. Identify the property's current and intended primary use.
   Current  Intended (Mark only one item per column with an "X".)
   a  ___ ___ Vacant land/lot
   b  X  X  Residence(single-family, condominium, townhome, duplex)
   c  ___ ___ Mobile home residence
   d  ___ ___ Apartment building(6 units or less) No. of units:
   e  ___ ___ Apartment building(over 6 units) No. of units:
   f  ___ ___ Office
   g  ___ ___ Retail establishment
   h  ___ ___ Commercial building (specify)*:
   i  ___ ___ Industrial building
   j  ___ ___ Farm
   k  ___ ___ Other (specify)*:

9. Identify any significant physical changes in the property since January 1 of the previous year and write the date of the change.
   Date of significant change: ___ / ___
                              Month  Year
   (Mark with an "X".)
   ___ Demolition/damage  ___ Additions  ___ Major remodeling
   ___ New construction   ___ Other (specify):
   Date of significant change*: ___ / ___
                                Month  Year

10. Identify only the items that apply to this sale. (mark with an "X")
    a ___ Fulfillment of installment contract – year contract initiated*:
    b ___ Sale between related individuals or corporate affiliates
    c ___ Transfer of less than 100 percent interest*
    d ___ Court-ordered sale*
    e ___ Sale in lieu of foreclosure
    f ___ Condemnation
    g ___ Short sale
    h X  Bank REO (real estate owned)
    i ___ Auction sale
    j ___ Seller / buyer is a relocation company
    k ___ Seller/buyer is a financial institution* or government agency
    l ___ Buyer is a real estate investment trust
    m ___ Buyer is a pension fund
    n ___ Buyer is an adjacent property owner
    o ___ Buyer is exercising an option to purchase*
    p ___ Trade of property (simultaneous)
    q ___ Sale-leaseback
    r ___ Other (specify)*:
    s X  Homestead exemptions on most recent tax bill:
       1 General/Alternative          $ 6000.00
       2 Senior Citizens              $ 0
       3 Senior Citizens Assessment Freeze  $ 0

### Step 2: Calculate the amount of transfer tax due.

Note: Round Lines 11 through 17 to the next highest whole dollar. If the amount on Line 11 is over $1 million and the property's current use on Line 8 above is marked "e", "f", "g", "h", "i", or "k", complete Form PTAX-203-A, Illinois Real Estate Transfer Declaration Supplemental Form A.

| 11  | Full actual consideration.* | 11  | $ $175,000.00 |
| --- | --- | --- | --- |
| 12a | Amount of personal property included in the purchase.* | 12a | $ 0 |
| 12b | Was the value of a mobile home included on Lines 11 and 12a? | 12b | Yes ___ X No |
| 13  | Subtract Line 12a from Line 11. This is the net consideration for real property. | 13  | $ $175,000.00 |
| 14  | Amount for other real property transferred to the seller (in a simultaneous exchange) as part of the full actual consideration on Line 11*. | 14  | $ 0 |
| 15  | Outstanding mortgage amount to which the transferred real property remains subject*. | 15  | $ 0 |
| 16  | If this transfer is exempt, use an "X" to identify the provision.* | 16  | b  k  m |
| 17  | Subtract Lines 14 and 15 from Line 13. This is the net consideration subject to transfer tax. | 17  | $ $175,000.00 |
| 18  | Divide Line 17 by 500. Round the result to the next highest whole number (e.g., 61.002 rounds to 62). | 18  | 350.00 |
| 19  | Illinois tax stamps – multiply Line 18 by 0.50. | 19  | $ 175.00 |
| 20  | County tax stamps – multiply Line 18 by 0.25. | 20  | $ 87.50 |
| 21  | Add Lines 19 and 20. This is the total amount of transfer tax due. | 21  | $ 262.50 |

* See Instructions.
PTAX-203 (R-10/10)    ID:INT    This form is authorized in accordance with 35 ILCS 200/31-1 et seq. Disclosure of this information is REQUIRED. This form has been approved by the Forms Management Center.    IL-492-0227

**Step 3: Write the legal description from the deed.** Write, type (minimum 10-point font required), or attach the legal description from the deed. If you prefer, submit an 8 ½" x 11" copy of the extended legal description with this form. You may also use the space below to write additional parcel identifiers and lots sizes or acreage from Step 1, Line 3.

LOT 65 OF BIG TIMBER ACRES, UNIT NO. 3, IN THE TOWNSHIP OF RUTLAND, KANE COUNTY, ILLINOIS.

---

**Step 4: Complete the requested information.**

The buyer and seller (or their agents hereby verify that to be the best of their knowledge and belief, the full actual consideration and facts stated in this declaration are true and correct. If this transaction involves any real estate located in Cook County, the buyer and seller (or their agents) hereby verify that to the best of their knowledge, the name of the buyer shown on the deed or assignment of beneficial interest in a land trust is either a natural person, an Illinois corporation or foreign corporation authorized to do business or acquire and hold title to real estate in Illinois, a partnership authorized to do business or acquire and hold title to real estate in Illinois, or other entity recognized as a person and authorized to do business or acquire and hold title to real estate under the laws of the State of Illinois. Any person who willfully falsifies or omits any information required in this declaration shall be guilty of a Class B misdemeanor for the first offense and a Class A misdemeanor for subsequent offenses. Any person who knowingly submits a false statement concerning the identity of a grantee shall be guilty of a Class C misdemeanor for the first offense and of a Class A misdemeanor for subsequent offenses.

**Seller Information** (Please print.)
Fannie Mae A/K/A Federal National Mortgage Association
Seller's or trustee's name
PO Box 650043
Street address (after sale)
Brian Tracy
Codilis & Associates, P.C., its Attorney in Fact
Seller's or agent's signature

Seller's trust number (if applicable)
Dallas       TX    75265
City         State  ZIP
(630) 794 - 5300
Seller's daytime phone

**Buyer Information** (Please print.)
Clarence Luna
Buyer's or trustee's name
14N468 Bonnie Lane
Street address (after sale)
X _____
Buyer's or agent's signature

Buyer's trust number (if applicable)
Elgin        IL    60124
City         State  ZIP
630-794-5300
Buyer's daytime phone

Mail tax bill to:
Clarence Luna                    14N468 Bonnie Lane
Name or company                  Street address

Elgin        IL    60124
City         State  ZIP

**Preparer Information** (Please print.)
Codilis & Associates, P.C.
Preparer's and company's name
15W030 North Frontage Road
Street address
Brian Tracy
Preparer's signature

14-13-31526
Preparer's file number (if applicable)
Burr Ridge   IL    60527
City         State  ZIP
( 630 )  794  / 5300
Preparer's daytime phone

Preparer's e-mail address (if available)
Identify any required documents submitted with this form. (Mark with an "X".)    ____ Extended legal description    ____ Form PTAX-203-A
                                                                                   ____ Itemized list of personal property

| To be completed by the Chief County Assessment Officer | | | | | | |
|---|---|---|---|---|---|---|
| 1 _____ | | | | | | |
| County | Township | Class | Cook-Minor | Code 1 | Code 2 | |
| 2  Board of Review's final assessed value for the assessment year prior to the year of sale. | | | | | | |
| Land      ___,___,___,___ | | | | | | |
| Buildings ___,___,___,___ | | | | | | |
| Total     ___,___,___,___ | | | | | | |

3  Year prior to sale  _____
4  Does the sale involve a mobile home assessed as real estate?   ___ Yes   ___ No
5  Comments

| To be completed by the Illinois Department of Revenue | |
|---|---|
| Full consideration      ___,___,___,___ | Tab number |
| Adjusted consideration  ___,___,___,___ | |

Page 2 of 2                                                                                    PTAX-203 (R-8/05)

2015P014963    2/3

2015K014963

ATTORNEYS' TITLE GUARANTY FUND, INC.

## LEGAL DESCRIPTION

**Permanent Index Number:**
Property ID: 02-35-427-006

**Property Address:**
14N468 Bonnie Lane
Elgin, IL 60124

**Legal Description:**
LOT 65 OF BIG TIMBER ACRES, UNIT NO. 3, IN THE TOWNSHIP OF RUTLAND, KANE COUNTY, ILLINOIS.

